**Rafael Velasco LOPEZ; Dalila Velasco, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**Nos. 07–71096, 07–73201.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 1, 2009.

Andrew Michael Knapp, Esquire, Cifuentes Knapp & Associates, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Rosanne M. Perry, Esquire, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Rafael Velasco Lopez and Dalila Velasco, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") decision denying their applications for cancellation of removal (No. 07–71096), and the BIA's order denying their motion to reopen removal proceedings (No. 07–73201). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). In No. 07–71096, we dismiss in part and deny in part the petition for review. In No. 07–73201, we deny the petition for review.

We lack jurisdiction to review the agency's discretionary determination that petitioners failed to show the requisite

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

We lack jurisdiction to review petitioners' contentions that the IJ violated due process by refusing to allow certain testimony regarding hardship and by failing to consider some of their evidence of hardship because petitioners failed to raise those contentions before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (due process challenges that are "procedural in nature" must be exhausted).

Petitioners' contention that the agency applied an incorrect hardship standard is unavailing.

The BIA did not abuse its discretion in denying petitioners' motion to reopen because the successive motion was numerically barred. *See* 8 C.F.R. § 1003.2(c)(2).

Petitioners' remaining contentions are unpersuasive.

**In No. 07–71096: PETITION FOR RE-VIEW DISMISSED in part; DENIED in part.**

**In No. 07–73201: PETITION FOR RE-VIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.